IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL ALONZA RUFUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-037 |
| | ) | |
| STATE BOARD OF PARDONS AND PAROLES, | ) ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Michael Alonza Rufus, an inmate currently incarcerated at Dodge State Prison in Chester, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2241 petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.   BACKGROUND**

Petitioner filed the present petition on June 22, 2017, alleging he was illegally denied consideration for parole. (See doc. no. 1.) In 2011, Petitioner was convicted of possession with intent to distribute marijuana and possession of a firearm during commission of a felony in Walton County Superior Court. (Id.) Petitioner claims his classification as a "recidivist"

for those 2011 convictions, which prevents him from being eligible for parole, violates his Equal Protection and Due Process rights.  (Id.)  Petitioner further contends his denial of parole violates 2012 HB 1176 and 2015 SB 367, and that the Board's refusal to consider his parole status under those statutes is also violative of his Equal Protection and Due Process rights.  (Id.)

## II.   DISCUSSION

Prisoners seeking to challenge the decision of a state parole board under § 2241 are subject to the provisions of 28 U.S.C. § 2254, including § 2254's exhaustion requirement. See Davis v. State Bd. of Pardons and Paroles, 271 F. App'x 975, 975 (11th Cir. 2008) (federal habeas petition challenging state parole revocation subject to § 2254 exhaustion requirements); Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir. 2004) (same).  Under § 2254, an application for a writ of habeas corpus shall not be granted unless it appears the petitioner has exhausted all remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  The United States Supreme Court has held a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

"In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan

v. Boerckel, 526 U.S. 838, 842 (1999).  To exhaust a federal claim, a petitioner must have "fairly presented [it] to the state courts." Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351 (11th Cir. 2012).  This "fair presentation" requirement has been interpreted to mean that state courts should be afforded "a meaningful opportunity to consider the allegations of legal error" without interference from the federal courts.  McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005).  "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

Under Georgia law, "it is firmly established . . . that a parole decision can be challenged by filing a petition for writ of mandamus."  Davis, 271 F. App'x at 975 (11th Cir. 2008) (citing Brown v. Barrow, 512 F.3d 1304, 1308 (11th Cir. 2008)); see also Johnson v. Griffin, 522 S.E.2d 657, 663 (Ga. 1999) (proper remedy for challenge to Board's determination lay in mandamus action); Lewis v. Griffin, 376 S.E.2d 364, 365-66 (Ga. 1989) (same).  In addition, a petitioner may challenge the Board's parole decision via state petition for a writ of habeas corpus.  See Stewart v. Georgia Bd. of Pardons & Parole, No. 1:08-CV-2966-WSD-ECS, 2008 WL 4816677, at *2 (N.D. Ga. Oct. 31, 2008); see also O.C.G.A. § 9–14–1(c); Williams v. Lawrence, 540 S.E.2d 599 (Ga. 2001).

Here, Petitioner provides no indication that he attempted to contest the Board's denial of consideration for parole through the filing of a mandamus action.  Moreover, although he has filed a state habeas petition challenging his "illegal conviction," there is no indication he challenged his eligibility for parole in that action.  (See doc. no. 1, pp. 3-4.)  Indeed, even if

3

Petitioner is challenging his parole eligibility in that case, he has not exhausted those claims as his Application for a Certificate of Probable Cause ("CPC") is pending with the Supreme Court of Georgia.  (See id. at 4); see also Wright v. Oubre, 768 F.Supp.2d 1277, 1283 (N.D. Ga. 2011) (recognizing state remedies not exhausted when application for CPC pending before Supreme Court of Georgia).  Because Petitioner has not given the state courts an opportunity to act on his claims by invoking the available review processes, Petitioner has failed to satisfy the exhaustion requirement and the instant § 2241 petition should be dismissed without prejudice so that Petitioner may exhaust available state remedies.  See Davis, 271 F. App'x at 975 (affirming dismissal for failure to exhaust where petitioner had not presented claim in state court mandamus proceeding).

### III.  CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the § 2241 petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA