IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MICHAEL ALONZA RUFUS,           )
                                )
        Petitioner,              )
                                )
    v.                           )   CV 317-037
                                )
STATE BOARD OF PARDONS AND       )
PAROLES,                         )
                                )
        Respondent.              )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 4). Nothing in Petitioner's objections warrants deviation from the Magistrate Judge's recommendation, and only two related arguments warrant further comment.

Petitioner contends he properly exhausted his claims because he has filed multiple mandamus actions but has been thwarted by the state judicial system. (Doc. no. 4, pp. 4-5.) Petitioner further argues the Supreme Court of Georgia has not ruled on his application for a certificate of probable cause ("CPC") to appeal within two terms as required by the Georgia Constitution. (Id. at 4.) Petitioner's arguments are without merit.

Even assuming Petitioner is unable to adequately access the state mandamus process, he has not exhausted because his application for a CPC is properly pending with the Georgia

Supreme Court. As Petitioner rightly contends, the Georgia Constitution provides, "The Supreme Court and the Court of Appeals shall dispose of every *case* at the term for which it is entered on the court's docket for hearing or at the next term." Ga. Const. art. VI, § 9, ¶ II (emphasis added). However, Petitioner has filed an *application* for a CPC, not a case which falls under the Georgia Constitution's requirement. Indeed, the Georgia legislature has reflected this distinction by requiring "[t]he Supreme Court . . . grant or deny the application [for a CPC] *within a reasonable time* after filing." O.C.G.A. § 9-14-52(b) (emphasis added). Petitioner filed his pending application for a CPC in April 2016, and he filed this federal petition just over one year later. Rufus v. Head, Warden, S16H1562 (Ga. May 4, 2016), *available at* http://www.gasupreme.us/docket_search; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). Given this reasonably short passage of time, the Court finds nothing in the record indicating an unreasonable delay by the Georgia Supreme Court in ruling on Petitioner's application or justifying deviation from the exhaustion requirement.

Therefore, because Petitioner's application for a CPC is still pending with the Georgia Supreme Court, he has not fully exhausted his claims. Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** without prejudice the petition filed pursuant to

28 U.S.C. § 2241, and **CLOSES** this civil action.

SO ORDERED this \_\_\_11th\_\_\_ day of August, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE