IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

MICHAEL ALONZA RUFUS,   *
                                *
      Petitioner,         *
                                *
      v.                   *     CV 317-037
                                *
STATE BOARD OF PARDONS AND   *
PAROLES,                     *
                                *
      Respondent.         *

O R D E R

In this case brought pursuant to 28 U.S.C. § 2241, Petitioner Michael Alonza Rufus challenged the decision of the state parole board to deny him consideration for parole. The case, however, was dismissed upon a finding that Petitioner had failed to exhaust his state judicial remedies as required by 28 U.S.C. § 2254. In particular, the United States Magistrate Judge pointed out in his Report and Recommendation that Petitioner's Application for a Certificate of Probable Cause ("CPC") in his state habeas proceeding was pending in the Supreme Court of Georgia. (See Report and Recommendation of July 5, 2017, Doc. No. 2, at 4 (citing source omitted).)

Petitioner objected to this determination in the Report and Recommendation because the CPC application in his state habeas case had not been ruled upon within two terms of court as

required by the Georgia Constitution. See Ga. Const. art. VI, § 9, ¶ II. Thus, Petitioner argued that the Georgia Supreme Court now lacks jurisdiction to adjudicate the matter, which necessarily means his state judicial remedies have been exhausted. (See Doc. No. 4, at 4.)

This Court adopted the Report and Recommendation over this objection. (See Order of Aug. 11, 2017, Doc. No. 5.) First, the Court determined that a CPC application does not fall under the Georgia Constitution's two-term requirement. (Id. at 2.) Second, upon determining that an application for a CPC need only be decided within a *reasonable* time after filing, the Court concluded that a just over one-year time period is not unreasonable. (Id.) Accordingly, Petitioner's objection was overruled, and the determination that Petitioner had not exhausted his state judicial remedies was adopted by this Court. (Id. at 2-3.)

On October 16, 2017, this Court granted a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2). The Court determined that whether a one-year time period for deciding whether to grant or deny a CPC application is reasonable is a matter upon which reasonable jurists could debate. In granting the Certificate of Appealability, this Court stated that if a one-year time period to rule upon an application for a CPC is unreasonable, then Petitioner's constitutional right to due

2

process and to petition this Court for a writ of habeas corpus has been abridged. (See Order of Oct. 16, 2017, at 3.)

On October 7, 2017, the Eleventh Circuit Court of Appeals vacated the Certificate of Appealability issued by this Court, pointing out that the issue of the reasonableness of a one-year time period for deciding a CPC is only a "debatable procedural issue." (11th Cir. Mandate, Doc. No. 14, at 3.) The Eleventh Circuit stated that this Court failed to specify an underlying constitutional claim by Petitioner on which he has made a substantial showing of the denial of his rights. (Id.) The Eleventh Circuit remanded the case to this Court for a determination of whether this case "involves an underlying error of constitutional magnitude." See Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (cited in 11th Cir. Mandate, Doc. No. 14.)

In Spencer, the Eleventh Circuit outlined the gatekeeping requirements of granting a Certificate of Appealability. The Spencer court stated: "Even when a prisoner seeks to appeal a procedural error, the certificate must specify the underlying constitutional issue." Id. at 1138 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching [the merits of] the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue [only] when the

3

prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (emphasis added)); see also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Thus, a Certificate of Appealability determination requires an overview of the claims in the underlying habeas petition and a general assessment of their merits. Miller-El, 537 U.S. at 336. The Eleventh Circuit explained that failure to specify the underlying constitutional issue would result in the vacatur of the Certificate of Appealability. Spencer, 773 F.3d at 1138.

Here, in its Remand Order, the Eleventh Circuit asked this Court to revisit the issuance of a Certificate of Appealability in conformity with Spencer and 28 U.S.C. § 2253(c)(2). (Doc. No. 14, at 3.) With this guidance and upon a further review of the relevant law, this Court has examined the underlying petition and has determined that a Certificate of Appealability should not issue in this case. This is because Petitioner has

4

not shown that the issues raised in his habeas petition are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a Certificate of Appealability in this case. Therefore, this Court's Order of October 16, 2017 (doc. no. 13) is hereby **VACATED** and Petitioner's motion to proceed in forma pauperis on appeal (doc. no. 9) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of December, 2017.

UNITED STATES DISTRICT JUDGE